JAATMAYP

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          19 CR 328 (JSR)

JUAN GONZALEZ MAYORGA,

                Defendant.

------------------------------x
                                        New York, N.Y.
                                        October 10, 2019
                                        11:20 a.m.

Before:

                    HON. JED S. RAKOFF,

                                        District Judge


                        APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
MATTHEW LAROCHE
     Assistant United States Attorney

MICHAEL SPORN
JESSE SIEGEL
     Attorneys for Defendant



ALSO PRESENT:  MIRTA HESS, Spanish interpreter
```

1               (Case called)

2               MR. LAROCHE:  Good morning, your Honor, Matt Laroche
3     for the government.

4               THE COURT:  Good morning.

5               MR. SPORN:  Good morning, your Honor, Michael Sporn
6     for the defendant.  With me at counsel table is co-counsel
7     Jesse Siegel.

8               MR. SIEGEL:  Good morning, Judge.

9               THE COURT:  Good morning.  Please be seated.

10              I understand the defendant wishes to withdraw his
11    previously entered plea of not guilty and enter a plea of
12    guilty to Counts One and Two of indictment 19 Criminal 328, is
13    that correct?

14              MR. LAROCHE:  Yes, your Honor.  And with the Court's
15    permission, I would like to pass up the executed plea
16    agreement.

17              THE COURT:  Yes.  Okay.  We'll place the defendant
18    under oath.

19              (Defendant sworn)

20              THE COURT:  So Mr. Mayorga, let me first advise you,
21    because you are under oath, anything that you say that is
22    knowingly false could subject you to punishment for perjury or
23    obstruction of justice or the making of false statements.  Do
24    you understand?

25              THE DEFENDANT:  I understand.

```
1              THE COURT:  Where are you from?
2              THE DEFENDANT:  Guatemala.
3              THE COURT:  Are you an American citizen?
4              THE DEFENDANT:  No.
5              THE COURT:  How old are you now?
6              THE DEFENDANT:  51 years old.
7              THE COURT:  How far did you go in school?
8              THE DEFENDANT:  I finished college, university.
9              THE COURT:  And have you ever been treated by a
10     psychiatrist or psychologist?
11             THE DEFENDANT:  No.
12             THE COURT:  Have you ever been hospitalized for any
13     mental illness?
14             THE DEFENDANT:  Never.
15             THE COURT:  Have you ever been treated or hospitalized
16     for alcoholism?
17             THE DEFENDANT:  Never.
18             THE COURT:  Have you ever been treated or hospitalized
19     for drug addiction?
20             THE DEFENDANT:  Never.
21             THE COURT:  Are you currently under the care of a
22     doctor for any reason?
23             THE DEFENDANT:  No, I'm only taking some pills for
24     high blood pressure.
25             THE COURT:  And what are they?
```

1           THE DEFENDANT:  Losartan.

2           THE COURT:  And when did you last take that pill?

3           THE DEFENDANT:  I take it daily.  It's for high blood
4    pressure.

5           THE COURT:  I understand that.  Do you take it in the
6    morning, at the evening?  When do you take it?

7           THE DEFENDANT:  In the morning.

8           THE COURT:  Okay.  So does that pill in any way,
9    shape, or form affect your ability to understand these
10   proceedings?

11          THE DEFENDANT:  Not at all.

12          THE COURT:  Do you understand these proceedings?

13          THE DEFENDANT:  Completely.

14          THE COURT:  So on the basis of the defendant's
15   responses to my questions and my observations of his demeanor,
16   I find that he is fully competent to enter an informed plea at
17   this time.

18          Now you have a right to be represented by counsel at
19   every stage of these proceedings.  Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  And if you cannot afford counsel, the
22   Court will appoint one to represent you free of charge
23   throughout these proceedings.  Do you understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  You're represented by both Mr. Sporn and

1  Mr. Siegel, so some would say you have a Rolls Royce attorney
2  group here, but in any event, are you satisfied with the
3  representation by your counsel?
4          THE DEFENDANT:  I'm completely satisfied.
5          THE COURT:  Have you had a full opportunity to discuss
6  this case with them?
7          THE DEFENDANT:  They have been with me from the very
8  beginning.
9          THE COURT:  And have you told them everything you know
10 about this matter?
11         THE DEFENDANT:  Yes.
12         THE COURT:  Now you previously entered a plea of not
13 guilty to indictment 19 Criminal 328, but I understand that you
14 now have agreed to plead guilty to Counts One and Two of that
15 indictment in satisfaction of the indictment, is that correct?
16         THE DEFENDANT:  Correct.
17         THE COURT:  Before I could accept any plea of guilty,
18 I need to make sure that you understand the rights that you
19 will be giving up if you plead guilty.  So I want to go over
20 with you now the rights that you will be giving up.  Do you
21 understand that?
22         THE DEFENDANT:  I do understand.
23         THE COURT:  And first, you have a right to a speedy
24 and a public trial by a jury on the charges against you.  Do
25 you understand that?

1            THE DEFENDANT:  Yes.

2            THE COURT:  Second, if there were a trial, you would
3    be presumed innocent, and the government would be required to
4    prove your guilt beyond a reasonable doubt before you could be
5    convicted of any charge.  Do you understand that?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Third, at the trial you would have the
8    right to be represented by counsel, and once again, if at any
9    time you still could not afford counsel, the Court would
10   continue the appointment of you by counsel free of charge
11   throughout the trial and all other proceedings.  Do you
12   understand that?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Fourth, at the trial you would have the
15   right to see and hear all the witnesses and other evidence
16   against you, and your attorney could question the government's
17   evidence and cross-examine the government's witnesses and could
18   offer evidence on your own behalf if you so desired, and could
19   have subpoenas issued to compel the attendance of witnesses and
20   other evidence on your behalf.  Do you understand all that?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Fifth, at the trial you would have the
23   right to testify if you wanted to, but no one could force you
24   to testify if you did not want to, and no suggestion of guilt
25   could be drawn against you simply because you chose not to

JAATMAYP

1    testify.  Do you understand that?
2            THE DEFENDANT:  Yes.
3            THE COURT:  And finally, even if you were convicted,
4    you would have the right to appeal your conviction.  Do you
5    understand that?
6            THE DEFENDANT:  Yes.
7            THE COURT:  Now do you understand that if you plead
8    guilty, you will be giving up each and every one of the rights
9    we just discussed?  Do you understand that?
10           THE DEFENDANT:  Yes.
11           THE COURT:  Very good.  Now Counts One and Two of the
12   indictment have previously been read to you in Spanish?
13           THE DEFENDANT:  Yes.
14           THE COURT:  And you have gone over them with your
15   counsel?
16           THE DEFENDANT:  Yes.
17           THE COURT:  And you understand the charges against
18   you?
19           THE DEFENDANT:  Completely.
20           THE COURT:  So Messrs. Sporn and Siegel, do you want
21   the counts read again in open court or do you waive the public
22   reading?
23           MR. SPORN:  We waive the public reading, your Honor.
24           THE COURT:  So Mr. Mayorga, if you plead guilty to
25   Count One, which charges you with a conspiracy, in other words,

1    an agreement between you and at least one other person to
2    manufacture more than five kilograms of cocaine, knowing and
3    intending that the cocaine would be unlawfully imported into
4    the United States, you face a maximum term of life imprisonment
5    with a mandatory minimum of ten years imprisonment, plus a
6    maximum term of lifetime supervised release to follow any
7    imprisonment, with a mandatory minimum of five years supervised
8    release, plus a fine of whichever is greatest, either $10
9    million or twice the amount derived from the conspiracy or
10   twice the loss to victims of the conspiracy, plus a mandatory
11   $100 special assessment.  Do you understand those are the
12   maximum and mandatory minimum penalties you face if you plead
13   guilty to Count One?
14            THE DEFENDANT:  I understand.
15            THE COURT:  Count Two charges you with a conspiracy,
16   again an agreement between you and at least one other person,
17   to carry and use machines guns and destructive devices in
18   furtherance of and in relation to the drug trafficking offense
19   charged in Count One.  And Count Two carries a maximum term of
20   life imprisonment, plus a maximum term of up to five years
21   supervised release to follow any imprisonment, plus a fine of
22   whichever is greatest, either $250,000 or twice the gross gain
23   or twice the gross loss, plus a mandatory $100 special
24   assessment.
25            You understand those are the maximum punishments under

1  Count Two?

2  THE DEFENDANT: Yes, I understand.

3  THE COURT: Do you further understand that the
4  sentence could be cumulative if you plead guilty to both of
5  those counts, so the total maximum sentence you would face for
6  the two counts is life imprisonment with a mandatory minimum of
7  ten years imprisonment. Do you understand that?

8  THE DEFENDANT: Yes, I understand.

9  THE COURT: Further, do you understand that under your
10  agreement with the government you will also make restitution
11  and admit to the forfeiture allegations brought against you.
12  Do you understand that?

13  THE DEFENDANT: Yes, I do understand.

14  THE COURT: Now I have a question to the government.
15  On page 2 of the agreement it says in the third paragraph, "the
16  defendant furthermore admits the forfeiture allegations in the
17  information." You mean the indictment?

18  MR. LAROCHE: Yes, your Honor, my apologies. That's a
19  typographical error.

20  THE COURT: With the permission of all counsel, I will
21  change that to "indictment."

22  MR. LAROCHE: Thank you, your Honor.

23  THE COURT: So of course, Mr. Mayorga, other than the
24  mandatory minimums, at this point I have no idea what sentence
25  I will impose if you plead guilty to these two counts, so if

JAATMAYP

anyone has made any kind of promise or estimate or representation to you of what your sentence will be in this case, that person could be completely wrong, and nevertheless, if you plead guilty, you will still be bound by my sentence. Do you understand that?

THE DEFENDANT:  I do.

THE COURT:  Now one of the things I will look at when imposing sentence are the sentencing guidelines, which are certain laws that recommend a sentence, although it is not binding on the Court.  Have you gone over the sentencing guidelines with your counsel?

THE DEFENDANT:  Excuse me, what did he say?

THE COURT:  There are certain laws called the sentencing guidelines that recommend a sentence in your case. They are not binding on the Court.  I may agree with them or disagree with them, but I will look at them.  Have you gone over the sentencing guidelines with your lawyers?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In that connection, I have been furnished with a letter agreement which takes the form of a letter dated September 23rd, 2019, from government counsel to defense counsel, and we will mark the signed agreement as Court Exhibit 1 to today's proceeding.

And it appears, Mr. Mayorga, that you signed it earlier today, is that right?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JAATMAYP

1          THE DEFENDANT:  That's correct.

2          THE COURT:  Before signing it, was it read to you in
3  Spanish?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Did you discuss it with your lawyers?

6          THE DEFENDANT:  Completely.

7          THE COURT:  Did you understand the terms of the
8  agreement?

9          THE DEFENDANT:  Completely, yes.

10         THE COURT:  And did you sign it in order to indicate
11 your agreement to those terms?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Now this letter agreement, which we have
14 now marked as Court Exhibit 1, is binding between you and the
15 government, but it is not binding on me, it is not binding on
16 the Court.  Do you understand that?

17         THE DEFENDANT:  Yes.

18         THE COURT:  For example, this letter agreement says
19 that you will cooperate with the government and offer
20 substantial assistance, and if you do that, the government will
21 bring a motion to the Court under Section 3553(e) and Section
22 5K1.1 of the guidelines recommending credit for your
23 cooperation.

24         But even if the government makes that motion, I may
25 grant it or I may deny it.  And even if I grant it, I may

1     sentence you below what I otherwise would sentence you to, or

2     above what I otherwise would sentence you to or anywhere in

3     between, and regardless of where I come out, if you plead

4     guilty, you will still be bound by my sentence.  Do you

5     understand that?

6              THE DEFENDANT:  I understand.

7              THE COURT:  Very good.  Does the government represent

8     that this letter agreement, which we have now marked as Court

9     Exhibit 1, is the entirety of any and all agreements between

10    the government and Mr. Mayorga?

11             MR. LAROCHE:  Yes, your Honor.

12             THE COURT:  Does defense counsel confirm that is

13    correct?

14             MR. SPORN:  Yes.

15             THE COURT:  And Mr. Mayorga, do you confirm that is

16    correct?

17             THE DEFENDANT:  Correct.

18             THE COURT:  Mr. Mayorga, other than the government,

19    has anyone else made any kind of promise to you or offered you

20    any inducement to get you to plead guilty?

21             THE DEFENDANT:  Nobody.

22             THE COURT:  Has anyone threatened or coerced you in

23    any way to get you to plead guilty?

24             THE DEFENDANT:  Nobody.

25             THE COURT:  Does the government represent that if this

1   case were to go to trial it could, through competent evidence,

2   prove every essential element of the charges beyond a

3   reasonable doubt?

4       MR. LAROCHE:  Yes, your Honor.

5       THE COURT:  Does defense counsel know of any valid

6   defense that would likely are prevail at trial or any other

7   reason why their client should not plead guilty?

8       MR. SPORN:  No, your Honor.

9       THE COURT:  Then Mr. Mayorga, in light of everything

10  we have now discussed, please tell me in your own words what it

11  is that you did that makes you guilty of these crimes.

12      THE DEFENDANT:  Your Honor, from about December 2018

13  through April 2019, I and others agreed to distribute and

14  possess with intent to distribute at least five kilograms of

15  cocaine knowing that it would be unlawfully imported into the

16  United States in Guatemala and elsewhere.

17      THE COURT:  Let's stop there for a moment.  What was

18  your role?

19      THE DEFENDANT:  I participated in the meetings.

20      THE COURT:  What did you do to further the conspiracy?

21      THE DEFENDANT:  Facilitate certain things so they

22  could do what they wanted to do.

23      THE COURT:  What things did you facilitate?

24      THE DEFENDANT:  I introduced a person.

25      THE COURT:  Sorry?

1          THE DEFENDANT:  I introduced a person who had some
2    political chance to win, and in that way to work with them.
3          THE COURT:  So you introduced them to a politically
4    prominent person who could be helpful to them?
5          THE DEFENDANT:  Correct.
6          THE COURT:  And what were you going to get in return?
7          THE DEFENDANT:  I was going to be paid a commission.
8          THE COURT:  How much?
9          THE DEFENDANT:  I was going to be paid initially
10   $150,000.
11         THE COURT:  Was there more to follow?
12         THE DEFENDANT:  Yes, if the operation was to take
13   place, yes.
14         THE COURT:  And how much would you then get?
15         THE DEFENDANT:  We were talking about an amount equal
16   or double of what they had offered me at the beginning.
17         THE COURT:  Okay.  Now let's go on to Count Two.  I
18   think you were reading from your statement.
19         THE DEFENDANT:  Also, from about December 2018 through
20   April 2019, I and others agreed to carry firearms as charged in
21   Count One in Guatemala and elsewhere.
22         THE COURT:  Specifically, what was involved there?
23         THE DEFENDANT:  To have firearms when some of the
24   transactions would take place.
25         THE COURT:  This was part of the overall agreement?

1  THE DEFENDANT:  Yes.

2  THE COURT:  And you were a part of that agreement and
3  knew about that condition, yes?

4  THE DEFENDANT:  Yes.

5  THE COURT:  When you did all these things we just
6  discussed you knew what you were doing was illegal and wrong,
7  yes?

8  THE DEFENDANT:  Yes, your Honor.

9  THE COURT:  Is there anything else regarding the
10  factual portion of the allocution that the government wishes
11  the Court to further inquire about?

12  MR. LAROCHE:  Yes, your Honor, one question,
13  respectfully, that the firearms involved in Count Two included
14  machine guns that were conspired to be possessed.

15  THE COURT:  Now did the agreement include that machine
16  guns would be used?

17  THE DEFENDANT:  Yes, your Honor.

18  THE COURT:  Very good.  Anything else?

19  MR. LAROCHE:  No, thank you, your Honor.

20  THE COURT:  Is there anything else regarding any
21  aspect of the allocution that either counsel wishes the Court
22  to inquire about before I ask the defendant to formally enter
23  his plea?  Anything else from the government?

24  MR. LAROCHE:  No, thank you, your Honor.

25  THE COURT:  Anything from the defense?

1   MR. SPORN: No, Judge, thank you.

2   THE COURT: Then Ms. Mayorga, in light of everything
3   we have now discussed, how do you plead first to Count One of
4   indictment 19 Criminal 328, the conspiracy to distribute five
5   kilograms or more of cocaine knowing that the cocaine would be
6   unlawfully imported into the United States, do you plead guilty
7   or not guilty?

8   THE DEFENDANT: Guilty.

9   THE COURT: And with respect to Count Two, charging
10   you with participating in a conspiracy to use machine guns and
11   destructive devices during and in relation to and in
12   furtherance of the offense charged in Count One, do you plead
13   guilty or not guilty?

14   THE DEFENDANT: Guilty.

15   THE COURT: Because the defendant has shown that he
16   understands his rights, because he has acknowledged his guilt
17   as charged, and because his plea is entered knowingly and
18   voluntarily and is supported by an independent basis in fact
19   containing each of the essential elements of each of the two
20   offenses, I accept his plea and adjudge him guilty of Counts
21   One and Two of indictment 19 Criminal 328.

22   Now Mr. Mayorga, the next stage in this process is
23   that you will be given meaningful time to demonstrate
24   cooperation prior to a sentencing date that we will set in a
25   minute. A few weeks before that sentencing date, the probation

1     office will prepare a presentence report to assist me in
2     determining sentence in your case, and as part of that, you
3     will be interviewed by the probation officer. You can have
4     your counsel present to advise you of your rights, but under my
5     practices you personally need to answer the questions put to
6     you by the probation officer. Do you understand?
7              THE DEFENDANT:  I understand.
8              THE COURT:  After that report is in draft form but
9     before it's in final form, you and your lawyers and also
10    government counsel have a chance to review it and offer
11    suggestions, corrections, and additions directly to the
12    probation officer, who will then prepare the report in final to
13    come to me.
14             Independent of that, counsel for both sides are hereby
15    given leave to make any motion or submit any materials bearing
16    on any aspect of sentence directly in writing to the Court,
17    provided that those materials or motion are made no later than
18    one week before the sentence.
19             How long does the government want for the cooperation?
20             MR. LAROCHE:  Six months, your Honor.
21             THE COURT:  So we'll set the sentence down for after
22    six months.
23             DEPUTY CLERK:  April 15 at 4:00, that's a Wednesday.
24             THE COURT:  April 15 at 4:00.  Notwithstanding that
25    I'm sure counsel will be busy preparing their income tax

JAATMAYP

1  returns, that sounds like a reasonable thing.
2           Very good.  Anything else we need to take up at this
3  time?
4           MR. LAROCHE:  No, thank you, your Honor.
5           MR. SPORN:  No, your Honor, thank you.
6           THE COURT:  Very good.  Thanks so much.
7           (Adjourned)