UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER OF JUDICIAL REMOVAL |
| - against - | |
| JUAN PABLO GONZALEZ MAYORGA | 19 CR 328 (JSR) |
| Defendant. | |

------------------------------X

Upon the application of the United States of America, by Jason Richman and Matthew Laroche, Assistant United States Attorneys, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of JUAN PABLO GONZALEZ MAYORGA ("the defendant") and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Guatemala and a citizen of Guatemala.

3. The defendant was admitted into the United States as a nonimmigrant visitor pursuant to a B-2 visa at or near Miami, Florida, on or about April 14, 2019, with a period of authorized admission until October 13, 2019.

4. The defendant remained in the United States beyond October 13, 2019, without authorization from the Department of Homeland Security.

5. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, pursuant to Count One of the Indictment, of Participating in a Conspiracy from December 2018 up to and including April

2019, to Manufacture and Distribute five kilograms and more of Cocaine, knowing and intending that it would be unlawfully imported into the United States, in a violation of Title 21 United States Code, Sections 963, 959(a), 960(a)(3), and 960(b)(1)(B); additionally, the defendant will be convicted pursuant to Count Two of the Indictment, of Participating in a Conspiracy to Carry and Use Machineguns and Destructive Devices, from December 2018 up to and including April 2019, during and in relation to, and to possess Machineguns and Destructive Devices in furtherance of, the drug-trafficking offense charged in Count One of the Indictment, in violation of Title 18, United States Code, Sections 924(o) and 924(c)(1)(B)(ii).

6. The maximum sentence of incarceration for violations of Title 21, United States Code, Sections 963, 959(a), 960(a)(3), and 960(b)(1)(B); Title 18 United States Code, Sections 924(o) and 924(c)(1)(B)(ii), is a term of imprisonment for life.

7. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to: (1) Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA" or the "Act"), as amended, 8 U.S.C. § 1227(a)(1)(B), as a person who after admission as a nonimmigrant under Section 101(a)(15) of the Act, remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States, (2) Section 237(a)(2)(B)(i) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(B)(i), as a person who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21) other than a single offense involving possession for one's own use of 30 grams or less of marijuana, (3) Section 237(a)(2)(A)(iii) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), as a person who is convicted of an aggravated felony at any time after admission as defined in section 101(a)(43)(B) of the Act, illicit trafficking in a controlled substance (as defined

in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18), (4) Section 237(a)(2)(A)(iii) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), as a person who is convicted of an aggravated felony at any time after admission as defined in section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act, and (5) Section 237(a)(2)(C) of the Act, as amended, 8 U.S.C. § 1227(a)(2)(C), in that, at any time after admission, you have been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, in violation of any law, any weapon, part, or accessory which is a firearm or destructive device, as defined in Section 921(a) of Title 18, United States Code.

8. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

9. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Guatemala.

Dated:   New York, New York
         __June 11__, 2020

_____
United States District Judge